**Donna WHITNEY, individually and as parent and heir of Dillon Whitney, deceased, Plaintiff–Appellee,**

v.

**DIVISION OF JUVENILE JUSTICE SERVICES, a subdivision of the State of Utah; Utah Department of Human Services, a subdivision of the State of Utah; State of Utah, Defendants–Appellants,**

**Quest Youth Services, a Utah corporation; Kyle Lancaster; Dan Maldonado; Jason Kaufusi; Henry Kaufusi; Huy Nguyen; Barry Howard, Defendants.**

No. 09–4230.

United States Court of Appeals, Tenth Circuit.

Dec. 9, 2010.

Robert Dwight Strieper, Esq., Strieper Law Firm, Salt Lake City, UT, for Plaintiff–Appellee.

---

Joni J. Jones, Office of the Utah Attorney General, Salt Lake City, UT, Bridget K. Romano, Attorney General for the State of Utah, Salt Lake City, UT, for Defendants–Appellants.

James C. Lewis, Lewis Hansen Waldo Pleshe, Salt Lake City, UT, for Defendants.

Before LUCERO, HARTZ, and HOLMES, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

CARLOS F. LUCERO, Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, on its own motion pursuant to Tenth Circuit Rule 27.1 and Utah Rule of Appellate Procedure 41, hereby certifies the following question of Utah law to the Supreme Court of Utah:

Is a juvenile delinquent placed in a community-based proctor home incarcerated in a place of legal confinement, such that Utah has not waived its state sovereign immunity for injuries arising out of, in connection with, or resulting from his placement, pursuant to the Governmental Immunity Act of Utah, Utah Code § 63G–7–301(5)(j)?

## BACKGROUND

The relevant facts were set forth in detail in the opinion of the United States District Court for the District of Utah in this matter. See *Whitney v. Dep't of Juvenile Justice Servs.*, No. 2:09–CV–00030–DAK–PMW, 2009 WL 4544391, 2009 U.S. Dist. LEXIS 110361 (D.Utah Nov. 25, 2009).

After he was charged with committing several crimes from late 2006 to early 2007, sixteen-year-old Dillon Whitney was adjudicated a juvenile delinquent by a juvenile court judge and placed in the care and custody of the Utah Department of Human Services ("DHS") for placement in a diversion program by its subdivision, the Utah Division of Juvenile Justice Services ("DJJS"). DJJS initially sent Mr. Whitney to Journey Ranch, a wilderness diversion program, but, after Mr. Whitney became separated from his group during an overnight trek on June 5, 2007, DJJS removed him from the program on June 9, 2007. Mr. Whitney was then held at the Salt Lake Valley Detention Center pending a court hearing.

At a June 22, 2007 hearing, the juvenile court judge directed DJJS to perform an observation and assessment of Mr. Whitney. On August 15, 2007, the juvenile court judge ordered DJJS to place Mr. Whitney in a community-based placement, and Mr. Whitney was placed in a proctor home.

Mr. Whitney was approved for a Thanksgiving home visit from Thursday, November 22, until 9:00 p.m. on Friday, November 23, 2007. Instead of returning to the proctor home after his Thanksgiving home visit, Mr. Whitney went to a friend's apartment, where he fell down a flight of stairs on November 24, 2007. Mr. Whitney died the following day as a result of injuries sustained during his fall.

On January 6, 2009, Mr. Whitney's parents, Donna and Destry Whitney, filed suit in state court, seeking, *inter alia*, damages against DHS, DJJS, and the State of Utah (collectively, "Utah defendants") under Utah state negligence law. On January 15, 2009, this action was removed to the United States District Court for the District of Utah.

On November 25, 2009, the district court denied the Utah defendants' motion to dismiss, which argued that plaintiff's state-law negligence claims are barred by state sovereign immunity under the Governmen-

tal Immunity Act of Utah. The Utah defendants then filed the instant interlocutory appeal.

### CONCLUSION

There appears to be no controlling Utah law that addresses the question certified herein, the answer to which controls the appeal pending before this court. This court appreciates the Supreme Court of Utah's consideration of this certified question. We note that the Supreme Court of Utah may reformulate this question, if necessary. *See In re W. Side Prop. Assocs.*, 13 P.3d 168, 170–71 (Utah 2000).

The Clerk of this court shall transmit a copy of this certification order to counsel for the parties. The Clerk shall also forward, under this court's official seal, a copy of this certification order and the briefs filed in this court to the Supreme Court of Utah.

This appeal is ordered **ABATED** pending the resolution of the question certified to the Supreme Court of Utah herein.